[No. 58985-2.    Department Two.    October 1, 1992.]

ALVIN O. FRANZ, ET AL, *Respondents*, v. PETER LANCE, ET AL, *Petitioners*.

*Andrew L. Symons* and *Ferguson & Burdell,* for petitioners.

*Philip A. Talmadge* and *Talmadge and Cutler; Charles A. Kimbrough* and *Kraft & Kimbrough,* for respondents.

PER CURIAM. — Peter and Barbara Lance move for discretionary review of a Court of Appeals order partially dismissing their appeal. The Lances contend that their timely notice of appeal from an order imposing sanctions against them under CR 11 and RCW 4.84.185 also brings before the appellate court the underlying judgment holding them liable for trespassing on Alvin and Diane Franz' property. The Court of Appeals disagreed and dismissed the Lances' appeal from the underlying judgment as untimely. Their appeal from the award of sanctions is still pending in the Court of Appeals.

RAP 2.4(b) provides:

> The appellate court will review a trial court order or ruling not designated in the notice, including an appealable order, if (1) the order or ruling prejudicially affects the decision designated in the notice, and (2) the order is entered, or the ruling is made, before the appellate court accepts review.

A party need not file a notice of appeal within 30 days of every appealable order or judgment but may instead await the final decision in the case. *Fox v. Sunmaster Prods., Inc.,* 115 Wn.2d 498, 505, 798 P.2d 808 (1990). If a timely notice of appeal is filed from that decision, the appellate court will review prior orders and judgments, even those which were immediately appealable, if they prejudicially affect the final judgment. *Fox,* at 505. As the court recognized in *Fox,* it makes no sense to mandate an immediate appeal from the earlier decision because to do so would only encourage multiple appeals. *Fox,* at 505.

The Lances contend on the basis of *Fox* that the Court of Appeals erroneously dismissed their appeal from the underlying judgment, which prejudicially affected the order imposing sanctions from which they filed a timely notice of appeal.

*Fox* does support the Lances' argument, as does Division Three's opinion in *Sardam v. Morford*, 51 Wn. App. 908, 756 P.2d 174 (1988). In *Sardam*, a landlord-tenant dispute, the District Court entered judgment in favor of the tenant and found her to be the prevailing party, but nevertheless declined to award her statutory attorney fees. The tenant appealed the denial of attorney fees. The Superior Court affirmed on the ground that there was no prevailing party in district court. On motion for discretionary review in the Court of Appeals, the tenant argued that the landlord could not challenge the trial court's determination of who was the "prevailing party" because the landlord had not appealed from that decision. The Court of Appeals disagreed, stating,

> RAP 2.4(b) provides for review of issues not designated in the notice of appeal if the trial court's ruling prejudicially affects the decision designated in the notice. Here, the trial court's determination on the "prevailing party" is clearly decisive, and review of the issue is appropriate.

*Sardam v. Morford, supra* at 911.[1]

We hold the trial court's October 29, 1990, judgment on the merits of the quiet title and trespass issues prejudicially affected its subsequent award of attorney fees and costs. That award was imposed against the Lances as a sanction under CR 11 and RCW 4.84.185 for filing a baseless answer to the Franzes' complaint and for filing a frivolous counterclaim. The award therefore must stand or fall based on the findings and conclusions the trial court entered in support of the 1990 judgment. Under the reasoning in *Fox* and *Sardam*, the Franzes' timely notice of appeal from the award of sanctions should enable them to obtain review of the underlying judgment.

---

[1]Since the landlord in *Sardam* was not the appellant, but was merely seeking to affirm the judgment on alternative grounds, the Court of Appeals' reliance on RAP 2.4(b) was misplaced. The applicable rule was RAP 2.4(a), which says the appellate court will, at the instance of the respondent, review any act of the trial court which would be error if repeated on remand. Nonetheless, the court's conclusion that the underlying judgment prejudicially affected the attorney fee decision makes sense, and supports the conclusion here that the judgment for the Franzes affected the validity of the later award of attorney fees and costs.

The Court of Appeals' decision is reversed, and the case is remanded for consideration of the appeal in accordance with this opinion.