46 P.3d 789 (2002)
146 Wash.2d 370
RIGHT-PRICE RECREATION, LLC, a Washington limited liability company, Respondent,
v.
CONNELLS PRAIRIE COMMUNITY COUNCIL, a Washington non-profit corporation; Pierce County Rural Citizens Association, a Washington non-profit corporation; Jon Salisbury and Jane Doe Salisbury, husband and wife; William Wright and Jane Doe Wright, husband and wife; John Does 1-10 and Jane Does 1-10, Petitioners.
No. 71099-6.
Supreme Court of Washington, En Banc.
Argued January 29, 2002.
Decided May 16, 2002.
*791 Bricklin & Gendler, Michael Gendler, Seattle, Shawn Newman, Olympia, for Petitioners.
Matthew Sweeney, Tacoma, Sharon Gain, Bonney Lake, for Respondent.
*790 IRELAND, J.
Two citizens' groups sought review of a Court of Appeals' decision which held that the trial court's order compelling production of the groups' information for in camera review violated their First Amendment privileges. Finding that the Court of Appeals should also have considered the trial court's refusal to dismiss the case, and further, that the case should have been dismissed on summary judgment, we remand for dismissal and for a determination concerning attorney fees.
Under RAP 2.4(b), the appellate court reviews orders or rulings not designated in the notice for discretionary review if they prejudicially affect the decision designated in the notice. In this case, granting the motion to dismiss would have terminated the action and precluded the designated discovery order. Therefore, we review the dismissal order herein.

FACTS
Right-Price Recreation, LLC, proposed to develop two residential subdivisions in rural Pierce County. Connells Prairie Community *792 Council and Pierce County Rural Citizens Association, two nonprofit corporations (collectively, "citizens' groups") opposed the developments. After members of the citizens' groups spoke before the Pierce County Council and the Pierce County Hearing Examiner, Right-Price sued the groups, as well as named officers of the groups and their spouses and additional unnamed individuals.
The matter commenced in April 1999. Right-Price's complaint alleged slander and commercial disparagement; tortious interference with binding sewer agreements; tortious interference with the hearing process; and civil conspiracy.

PROCEDURAL HISTORY
In September 1999, Right-Price brought a motion to compel production of documents. Right-Price sought discovery from both groups of (1) newsletters, bulletins, press releases, or editorials generated; (2) bank statements, financial statements, tax returns, and any other financial documentation relating to the groups; (3) membership lists, rosters, or mailing lists; (4) minutes of all meetings held; and (5) correspondence generated by the citizens' groups to public officials, elected officials, or decision makers. Right-Price sought discovery from Pierce County Rural Citizens Association of all correspondence and written documents exchanged with other nonprofit organizations. Right-Price also sought discovery from Connells Prairie Community Council of (1) written correspondence generated; (2) petitions and form letters created; (3) correspondence generated to other nonprofit organizations; and (4) documents to other nonprofit organizations generated or possessed by the group that are stored in any magnetic format.
The citizens' groups then filed a motion for protective order and a "special" motion to dismiss, claiming that they were immune from civil suit under former RCW 4.24.510 (1999), that they enjoyed common law immunity, and that the constitutional right to petition the government also provides immunity from the suit. The trial court characterized the special motion as a CR12(b)(6) motion.
Following oral argument, the trial court ordered discovery stayed and continued the hearing. Right-Price was ordered to "provide the court with sufficient affidavits and evidence of facts and claims to justify the merits of the complaint." Clerk's Papers at 78. After reviewing the materials submitted by Right-Price, the trial court denied the motion to dismiss and allowed the case to proceed.
When Right-Price renewed its motion to compel, the trial court ordered the citizens' groups to produce all of the requested materials to the court for in camera review.
The citizens' groups filed an emergency motion for stay of the trial court's order, arguing that the requests for production violated the groups' constitutional rights. The Court Commissioner of the Supreme Court granted the stay, and the notice for discretionary review was transferred to the Court of Appeals.
The citizens' groups also filed a motion for summary judgment, which the trial court continued pending resolution of interlocutory review.
The Court of Appeals granted discretionary review on the discovery issue, holding "that there is some probability that the requested discovery will harm the groups' First Amendment rights and that the developer has not shown the materiality of the information or that the information could not be otherwise obtained with reasonable efforts." Right-Price Recreation, LLC v. Connells Prairie Cmty. Council, 105 Wash.App. 813, 816, 21 P.3d 1157 (2001). The Court of Appeals reversed the discovery order.
In briefing to the Court of Appeals, the citizens' groups also requested review as to whether the trial court erred by denying their motion to dismiss and by continuing their summary judgment motion. These issues were not designated in the notice for discretionary review. The Court of Appeals concluded they were unreviewable.
This Court granted the citizen groups' petition for review of the Court of Appeals' decision. Right-Price Recreation, LLC v. Connells Prairie Cmty. Council, 145 Wash.2d 1001, 35 P.3d 381 (2001).

*793 ANALYSIS
Issues
The following issues are raised by the citizens' groups in their petition for review:
(1) Whether Petitioners are entitled to interlocutory dismissal of the suit by means of a statutory writ of review or constitutional writ of certiorari;
(2) Whether the Court of Appeals erred by declining to review the denial of Petitioners' motion to dismiss and the trial court's order continuing the motion for summary judgment when neither action was designated in the notice for discretionary review; and
(3) Whether the "good faith" requirement of RCW 4.24.500 is an unconstitutional prior restraint on speech.
Statutory or Constitutional Writ
The citizens' groups assert that they are entitled to interlocutory dismissal of the suit by means of a statutory writ of review or constitutional writ of certiorari.
"A court will issue a statutory writ of review, pursuant to chapter 7.16 RCW, if the petitioner can show that (1) an inferior tribunal or officer (2) exercising judicial functions (3) exceeded its jurisdiction or acted illegally, and (4) there is no other avenue of review or adequate remedy at law." Clark County Pub. Util. Dist. No. 1 v. Wilkinson, 139 Wash.2d 840, 845, 991 P.2d 1161 (2000).
The writ of certiorari provided for in article IV, section 6 of the Washington Constitution is available in narrower circumstances. Id. A court will not ordinarily grant a constitutional writ unless no other avenue of appeal, such as a statutory writ or direct appeal, is available. Saldin Sec., Inc. v. Snohomish County, 134 Wash.2d 288, 292-93, 949 P.2d 370 (1998).
Review under either writ is not available in the instant case because the citizens' groups sought the alternate avenue of discretionary review, which was granted by the Court of Appeals. The citizens' groups are not entitled to dismissal by means of a statutory or constitutional writ.
Rulings Not Designated in NoticeWhen Reviewable
The citizens' groups argue that the Court of Appeals should have reviewed the trial court's denial of their motion to dismiss and the trial court's order continuing their motion for summary judgment, even though neither was designated in the notice for discretionary review. We agree that the denial of the motion to dismiss should have been considered.
Generally, an appellate court will "review the decision or parts of the decision designated in the ... notice for discretionary review and other decisions in the case as provided in sections (b), (c), (d), and (e). RAP 2.4(a) (emphasis added). Section (b), which applies in this case, provides as follows:
The appellate court will review a trial court order or ruling not designated in the notice, including an appealable order, if (1) the order or ruling prejudicially affects the decision designated in the notice, and (2) the order is entered, or the ruling is made, before the appellate court accepts review.
RAP 2.4(b).
The trial court denied the motion to dismiss on October 28, 1999. The discovery order designated in the notice for discretionary review was filed on March 10, 2000. The order continuing the motion for summary judgment was filed on March 23, 2000. The Court of Appeals granted discretionary review on August 11, 2000. Because both of the undesignated decisions, as well as the order designated in the notice, occurred before the appellate court accepted discretionary review, the second requirement of RAP 2.4(b) is satisfied.
Reviewability of the undesignated decisions (denial of the motion to dismiss and continuance of the motion for summary judgment) then turns on whether they "prejudicially affect" the designated discovery order.
In Adkins v. Aluminum Co. of America, an action resulting from personal injuries, the first trial resulted in a favorable verdict for the plaintiff, but the court then granted a mistrial due to juror misconduct. The second *794 trial resulted in a defense verdict, from which the plaintiff appealed. One of the issues on appeal was whether the appellate court should review the ruling granting the mistrial when the plaintiff had appealed from the judgment entered on the second jury's verdict. Adkins v. Aluminum Co. of Am., 110 Wash.2d 128, 133, 750 P.2d 1257 (1988), 756 P.2d 142 (1988). The Adkins court concluded that the motion for mistrial was reviewable, reasoning as follows:
The requirements of RAP 2.4(b) are satisfied here. The second trial would not have occurred absent the trial court's decision granting the motion for a mistrial; thus the decision prejudicially affected the final decision which was designated in the notice of appeal. Obviously the trial court's action granting the mistrial occurred before the Court of Appeals accepted review.
Id. at 134-35.
In its analysis of the case before us, the Court of Appeals stated that "as Adkins applied the `prejudicially affected' test, the denial of the motion [to dismiss] would be reviewable." Right-Price Recreation, 105 Wash.App. at 820, 21 P.3d 1157. In other words, if the trial court had granted the motion, the case would have ended.
However, the Court of Appeals then went on to interpret Franz v. Lance, 119 Wash.2d 780, 836 P.2d 832 (1992), as requiring a more limited interpretation of "prejudicially affected." The court stated as follows:
[U]nder Franz, the previous order prejudicially affects the order designated in the notice of appeal if the order appealed cannot be decided without considering the merits of the previous order. This requires some connection between the two other than that the appealed order would not have occurred if the earlier order had been decided differently. The issues in the two orders must be so entwined that to resolve the order appealed, the court must consider the order not appealed.
Right-Price Recreation, 105 Wash.App. at 819, 21 P.3d 1157.
In Franz, an action for trespass, the trial court entered a judgment on the merits in favor of the plaintiffs. In a later order, the trial court imposed sanctions against the defendants. The defendants contended that their timely notice of appeal from the order imposing sanctions also brought before the appellate court the underlying judgment. The Franz court reasoned that the notice of appeal from the award of sanctions should enable the defendants to obtain review of the underlying judgment because the award "must stand or fall based on the findings and conclusions the trial court entered in support of the ... judgment." Franz, 119 Wash.2d at 782, 836 P.2d 832. Absent the judgment, the sanctions would not have been imposed.
Citing the language of RAP 2.4(b), the Franz court held that the trial court's judgment on the merits "prejudicially affected its subsequent award." Id. The Franz court purported to follow precedent; it did not disapprove of, or overrule, any earlier holdings. Franz is not a stricter interpretation of the "prejudicially affects" language. Rather, its holding is a reiteration of the Adkins court's recognition that the order appealed from would not have happened but for the first order.
Following the same logic, it would be inappropriate for the appellate court to review the order continuing the motion for summary judgment. The continuance was filed some time after the discovery order designated in the notice, and the continuance is independent of any prejudicial effect on the designated order.
The Court of Appeals correctly notes that "discretionary review is not favored because it lends itself to piecemeal, multiple appeals." Right-Price Recreation, 105 Wash.App. at 820, 21 P.3d 1157. However, the Rules of Appellate Procedure do not support narrowing the scope of discretionary review as compared to the appeal process (review as a matter of right). RAP 2.3 delineates the criteria governing the acceptance of discretionary review. Once review is granted, however, the provisions governing the scope of review, which are addressed in RAP *795 2.4(a) and (b), apply to both notices of appeal and notices for discretionary review equally.[1]
In sum, the Court of Appeals should not have declined to review the trial court's denial of the motion to dismiss. While the Court of Appeals may wish to limit the issues on discretionary review, its authority to do so is not supported by our case law or rules. Rather than remanding to the Court of Appeals for a determination on the dismissal, we will resolve the outstanding issues in the interest of judicial economy.
Trial Court's Decision on Motion to Dismiss
Although the citizens' groups denominated their motion as a "special" motion to dismiss, the trial court first characterized it as a failure to state a claim upon which relief can be granted under CR 12(b)(6). However, when the court ordered Right-Price to provide affidavits and evidence of facts and claims to justify the merits of its complaint, the motion should have been treated as one for summary judgment:
If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by rule 56.
CR 12(b).
When reviewing an order of summary judgment brought under CR 56, the appellate court engages in the same inquiry as the trial court. Wilson v. Steinbach, 98 Wash.2d 434, 437, 656 P.2d 1030 (1982). The reviewing court considers the facts and all reasonable inferences from those facts in the light most favorable to the nonmoving party. Id. Summary judgment is appropriate if the pleadings, affidavits, depositions, and admissions on file show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. CR 56(c).
In its summary judgment motion, "the moving party bears the initial burden of showing the absence of an issue of material fact." Young v. Key Pharms., Inc., 112 Wash.2d 216, 225, 770 P.2d 182 (1989). If, as in the case before us, the moving party is a defendant who meets the initial burden,
"then the inquiry shifts to the party with the burden of proof at trial, the plaintiff. If, at this point, the plaintiff `fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial', then the trial court should grant the motion."
Id. (footnote omitted) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).
Former RCW 4.24.510Applicability
The citizens' groups characterize Right-Price's suit against them as a Strategic Lawsuit Against Public Participation (SLAPP). A SLAPP primarily involves "communications made to influence a governmental action or outcome." George W. Pring & Penelope Canan, SLAPPs: Getting Sued for Speaking Out 8 (1996). The communications result "in (a) a civil complaint or counterclaim (b) filed against nongovernment individuals or organizations ... on (c) a substantive issue of some public interest or social significance." Id. at 8-9.
The citizens' groups refer to former RCW 4.24.510 as the "anti-SLAPP statute." Regardless of the label, we examine the elements of the statute and find they are applicable to this case.
Right-Price bases its complaint on allegations that the citizens' groups made defamatory statements to the Pierce County Council. "A communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from *796 associating or dealing with him." Restatement (Second) of Torts § 559 (1977). Former RCW 4.24.510 provides that even if statements made at the council meetings by the citizens' groups were false, if their communications were made in good faith, they are immune from civil liability.
Because we decide this appeal on statutory grounds, we do not reach the issues of constitutional or common law immunity.
Former RCW 4.24.510Constitutionality of Good Faith Provision
In pertinent part, former RCW 4.24.510 states as follows:
A person who in good faith communicates a complaint or information to any agency of federal, state, or local government ... is immune from civil liability for claims based upon the communication to the agency ... regarding any matter reasonably of concern to that agency....
Although the citizens' groups rely on the statute to prevail in their defense, they claim that the statute's requirement of good faith is unconstitutional as a prior restraint on political speech. The First Amendment prohibits Congress from making any law that abridges the freedom of speech or the right "to petition the government for a redress of grievances." U.S. Const. amend. I. The Washington Constitution provides similar protections: "The right of petition ... shall never be abridged." Const. art. I, § 4. "Every person may freely speak, write and publish on all subjects, being responsible for the abuse of that right." Const. art. I, § 5.
In keeping with New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), and subsequent defamation cases, former RCW 4.24.510 affords immunity only for communications made in good faith. In a defamation action, "the proper standard for determining whether the defendant acted in good faith for purposes of RCW 4.24.510 is the actual malice standard." Gilman v. MacDonald, 74 Wash.App. 733, 734, 875 P.2d 697 (1994).
In applying the statute, the Gilman court held as follows:
[W]here a defendant in a defamation action claims immunity under RCW 4.24.510 on the ground his or her communications to a public officer were made in good faith, the burden is on the defamed party to show by clear and convincing evidence that the defendant did not act in good faith. That is, the defamed party must show, by clear and convincing evidence, that the defendant knew of the falsity of the communications or acted with reckless disregard as to their falsity.
Id. at 738-39, 875 P.2d 697.
Under the Gilman test, which we approve, the party alleging defamation must show, by clear and convincing evidence, an abuse of the statutory privilege amounting to actual malice. The test's requirements ensure that former RCW 4.24.510 does not unconstitutionally chill protected speech.
Dismissal Required
Under the facts presented to the trial court, Right-Price failed to establish a prima facie case of defamation. Right-Price produced a videotape of comments made by group members before the Pierce County Council, but did not identify any alleged defamatory statements. Even if there had been statements at the meetings which were claimed to be defamatory, the citizens' groups were entitled to immunity under former RCW 4.24.510, as Right-Price totally failed to establish clear and convincing evidence that the groups' statements were made with actual malice.
There is no separate evidence of facts establishing a prima facie case for tortious interference with the sewer agreements, tortious interference with the hearing process, or civil conspiracy. Accordingly, these claims must also fall.
Attorney Fees and Costs
Petitioners request an award of attorney fees and costs. Former RCW 4.24.510 states, in pertinent part, that "[a] person prevailing upon the defense provided for in this section shall be entitled to recover costs and reasonable attorneys' fees incurred in establishing the defense." This matter is remanded to the trial court for calculation of *797 reasonable attorney fees under former RCW 4.24.510.
Sanctions
Petitioners also request that the Court "consider imposing Rule 11 sanctions upon [Right-Price's] counsel because the suit was brought and maintained in `bad-faith.'" Pet. for Review at 20. The appellate equivalent of CR 11, RAP 18.9, does not provide for sanctions under the circumstances of this case because there is no evidence that Right-Price has used the rules of appellate procedure for the purpose of delay or to file a frivolous appeal.

CONCLUSION
We remand the matter to the trial court for entry of summary judgment of dismissal for the citizens' groups and for determination of attorney fees under former RCW 4.24.510.
ALEXANDER, C.J., SMITH, JOHNSON, MADSEN, SANDERS, BRIDGE, CHAMBERS and OWENS, JJ., concur.
NOTES
[1] Unlike RAP 13.6, which allows the Supreme Court to specify the issue or issues as to which review is granted upon accepting discretionary review of a Court of Appeals' decision, RAP 2.4 does not allow the Court of Appeals to so limit its review of the trial court decisions it accepts for appeal or discretionary review.