82 P.3d 707 (2004)
119 Wash.App. 748
Allen SKIMMING and Patty Skimming, husband and wife, and their marital community, Respondents,
v.
Francine BOXER and John Doe Boxer, wife and husband, individually and their marital community; and Spokane County, Appellants.
No. 21434-6-III.
Court of Appeals of Washington, Division 3. Panel Eight.
January 15, 2004.
*709 Hugh T. Lackie, Heather Yakely, Evans, Craven & Lackie, Timothy M. Durkin, Deputy Prosecuting Attorney, Spokane, WA, for Appellants.
Steven L. Jones, Eymann, Allison, Fennessy, Hunter, Jones PS, Dustin D. Deissner, Deissner Law Firm PLLC, Spokane, WA, for Respondents.
*708 SWEENEY, J.
This is an appeal from the denial of an award of attorney fees to the defendant Spokane County and its chief executive officer, Francine Boxer. The claim for fees followed the dismissal of the plaintiffs' civil suit against them. We find no abuse of discretion in the trial judge's refusal to award fees and costs based on a frivolous lawsuit or one otherwise made for any improper purpose. And the defendants are not entitled to an award based on their assertion of immunity under former RCW 4.24.510 (1999). We therefore affirm the decision of the trial court denying fees.

FACTS
Spokane County citizen Lisa O'Kelly complained to Spokane County that she did not sign a warranty deed conveying a right of way to the county. Spokane County Commissioner Kate McCaslin asked Francine Boxer, Spokane County chief executive officer, to investigate. Ms. Boxer concluded that someone "possibly" forged Ms. O'Kelly's signature.
Allen Skimming is a Spokane County right of way agent. He was responsible for this transaction. He notarized a signature as Ms. O'Kelly's. Mr. Skimming denied anything improper.
Sheriff's Detective Mark Stewart investigated Ms. O'Kelly's complaint. Forensic handwriting specialists reviewed the records and exemplars of Ms. O'Kelly's signature. *710 Both concluded that Ms. O'Kelly's signature had been traced and was not genuine.
In June of 2000, the State charged Mr. Skimming with one felony offense (altering a public record) and one misdemeanor offense (official misconduct (notary)). The County placed Mr. Skimming on administrative leave with pay and benefits while the criminal case was pending. A jury acquitted him in February of 2001. He remained on administrative leave until March 27, 2001.
A newspaper article reported the jury's verdict and included a statement from Ms. Boxer that "[w]e're disappointed with the verdict." Clerk's Papers (CP) at 96. The International Federation for Professional and Technical Engineers, Local 17, Mr. Skimming's union, signed a petition demanding an apology from Ms. Boxer for her comments. Ms. Boxer called the union's demand for an apology "nothing short of ludicrous." CP at 245. And she said her earlier statement "more than accurately reflects [her] opinion of the jury's verdict." CP at 245. The union renewed its demand for an apology in a separate press release. Ms. Boxer responded that "[i]t'll be a cold day in hell" before she would apologize. CP at 245.
Mr. Skimming hired lawyer, Russell Van Camp, and filed a tort claim with Spokane County. The County denied the claim as "not well grounded in fact or in law, [and] completely devoid of any merit." CP at 357. Mr. Skimming sued Spokane County and Francine Boxer nonetheless. He claimed three causes of action: (1) defamation; (2) infliction of emotional distress (either intentionally or negligently); and (3) violation of certain civil rights. CP at 4-5. Spokane County raised a number of affirmative defenses, including immunity under former RCW 4.24.510.
The County asked Mr. Skimming's counsel to Sign a stipulated order of dismissal. He refused. The County and Ms. Boxer moved for summary judgment. Mr. Skimming requested a continuance. The court denied the request for a continuance and dismissed his complaint.
The County and Ms. Boxer asked for attorney fees and costs as the prevailing party, pursuant to CR 11 and CR 54, and pursuant to former RCW 4.24.510 and RCW 4.84.185. The trial court awarded defendants' only costs as prevailing party on summary judgment under CR 54. But the court denied attorney fees under CR 11, RCW 4.84.185, and former RCW 4.24.510.
The County and Ms. Boxer both appeal the denial of reasonable attorney fees and costs under CR 11, RCW 4.84.185, and former RCW 4.24.510.

DISCUSSION
CR 11 FEES
Attorney fees under either CR 11 or RCW 4.84.185 are discretionary with the trial judge. Tiger Oil Corp. v. Dep't of Licensing, 88 Wash.App. 925, 937-38, 946 P.2d 1235 (1997). Our inquiry is "whether the court's conclusion was the product of an exercise of discretion that was manifestly unreasonable or based on untenable grounds or reasons." Id. at 938, 946 P.2d 1235. Our deference accounts for the trial judge's personal and sometimes exhaustive contact with the case.[1]
CR 11[2] permits reasonable attorney fees and costs incurred because of a bad faith filing of pleadings for an improper purpose or by filing pleadings that are not grounded in fact or warranted by law. Wood v. Battle *711 Ground Sch. Dist., 107 Wash.App. 550, 574, 27 P.3d 1208 (2001). We apply an objective standard to determine whether sanctions are merited. The question is whether a reasonable attorney in a like circumstance could believe his or her actions to be factually and legally justified. Bryant v. Joseph Tree, Inc., 119 Wash.2d 210, 220, 829 P.2d 1099 (1992).
The purpose of the rule is to deter baseless filings and curb abuses of the judicial system. Biggs v. Vail, 124 Wash.2d 193, 197, 876 P.2d 448 (1994). And a filing is baseless if it is not well grounded in fact, or not warranted by existing law or a good faith argument for altering existing law. Blair v. GIM Corp., 88 Wash.App. 475, 482-83, 945 P.2d 1149 (1997). "The burden is on the movant to justify the request for sanctions." Biggs, 124 Wash.2d at 202, 876 P.2d 448. CR 11 sanctions have a potential chilling effect. And so the trial court should impose sanctions only when it is patently clear that a claim has absolutely no chance of success. In re Cooke, 93 Wash.App. 526, 529, 969 P.2d 127 (1999). The fact that a complaint does not prevail on its merits is not enough. Bryant, 119 Wash.2d at 220, 829 P.2d 1099.
The County invites us to independently review this record since the court did not enter findings. This we will not do.
First, a court need not enter findings when the request for CR 11 sanctions is rejected. It is the decision to impose the sanction that must be supported by the record.[3] Second, the threshold for imposition of these sanctions is high.[4]
The County and Ms. Boxer direct us to extensive findings of fact and conclusions of law filed as part of the summary judgment to support their argument for sanctions. Those findings, like any findings in an order granting summary judgment, are gratuitous, superfluous, and of no consequence here on appeal. Chelan County Deputy Sheriffs' Ass'n v. County of Chelan, 109 Wash.2d 282, 294 n. 6, 745 P.2d 1 (1987).
Nothing in this record suggests Mr. Skimming's lawsuit was filed for the purpose of harassment, delay, nuisance, or spite. Mr. Skimming and others thought that the County's, and particularly Ms. Boxer's, reaction was hostile and incriminating. The fact that the trial judge dismissed Mr. Skimming's complaint does not mean that the trial judge abused his discretion in refusing to impose CR 11 terms.
We cannot say that the trial court's denial of CR 11 sanctions was unreasonable or based on untenable grounds here. See Cooke, 93 Wash.App. at 529, 969 P.2d 127.
RCW 4.84.185 FEES
RCW 4.84.185[5] authorizes the trial court to award to the prevailing party "the *712 reasonable expenses, including fees of attorneys, incurred in opposing" a frivolous action. Sanctions against a party, not that party's attorney, are available under RCW 4.84.185. Havsy v. Flynn, 88 Wash.App. 514, 521, 945 P.2d 221 (1997).
The statute is designed to discourage abuses of the legal system by providing for an award of expenses and legal fees to any party forced to defend against meritless claims advanced for harassment, delay, nuisance, or spite. Suarez v. Newquist, 70 Wash.App. 827, 832-33, 855 P.2d 1200 (1993). It is not, however, a substitute for more appropriate pretrial motions, CR 11 sanctions, or complaints to the bar association. Biggs v. Vail, 119 Wash.2d 129, 137, 830 P.2d 350 (1992).
"A lawsuit is frivolous when it cannot be supported by any rational argument on the law or facts." Tiger Oil, 88 Wash.App. at 938, 946 P.2d 1235. It must be frivolous in its entirety; if any of the asserted claims are not frivolous, the action is not frivolous. Biggs, 119 Wash.2d at 136-37, 830 P.2d 350; Forster v. Pierce County, 99 Wash. App. 168, 183-84, 991 P.2d 687 (2000). Here, the trial court concluded that even the claim it perceived to be the weakest was not frivolous. The issues were, at least, then debatable on balance.
Mr. Skimming faced serious criminal charges related to his activities at work. His employer placed him on leave for almost a year pending the outcome. He was acquitted by a jury. Then his employer made a statement to the media suggesting it had knowledge that the acquittal was erroneous. Mr. Skimming believed he was wronged and his lawyers asserted an assortment of legal theories in an attempt to recompense that wrong.
The court did not abuse its discretion by refusing fees and costs pursuant to RCW 4.85.185 for an action it specifically found not to be frivolous. See also Bill of Rights Legal Found. v. Evergreen State Coll., 44 Wash. App. 690, 697, 723 P.2d 483 (1986).
FORMER RCW 4.24.510 FEES
First, the County and Ms. Boxer raised former RCW 4.24.510 (immunity from civil liability for communications to a government agency) as an independent basis for fees only in their reply brief at the trial court. This probably comes too late.[6] We nonetheless review the assignment of error. Our review is de novo.[7]
Former RCW 4.24.510[8] grants immunity from civil liability for those who complain to their government regarding issues of public interest or social significance. Rights-Price Recreation, L.L.C. v. Connells Prairie Cmty. Council, 146 Wash.2d 370, 382, 46 P.3d 789 (2002). The act is primarily intended to prevent SLAPP lawsuits  Strategic Lawsuits Against Public Participation. Id. The immunity under the statute is for *713 communications to a public officer who is authorized to act on the communication. Id.; Gilman v. MacDonald, 74 Wash.App. 733, 737-39, 875 P.2d 697 (1994).
On its face, the statute does not apply here for a number of reasons. First, the alleged defamatory comments were Ms. Boxer's communications to a newspaper not to a public officer. Second, the communication could not have been intended to influence government action or outcome. Right-Price, 146 Wash.2d at 382, 46 P.3d 789. Ms. Boxer complained about the outcome of a prosecution but she complained post-prosecution. Third, the action must be against a non-government individual or organization. Id. Ms. Boxer is chief executive officer of Spokane County and Spokane County is a government entity to whom complaints under this statute are protected. And, finally, the communication does not relate to a substantive issue of interest or social significance.
Accordingly, former RCW 4.24.510 simply does not apply as a matter of law.
We affirm the decision of the trial judge and deny any fees on appeal.
WE CONCUR: BROWN, C.J. and KURTZ, J.
NOTES
[1] E.g., Eugster v. City of Spokane, 110 Wash.App. 212, 231, 39 P.3d 380 (trial judge is in a better position than an appellate court to decide issues of this nature) (citing Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp., 122 Wash.2d 299, 339, 858 P.2d 1054 (1993)), review denied, 147 Wash.2d 1021, 60 P.3d 92 (2002); Miller v. Badgley, 51 Wash.App. 285, 300, 753 P.2d 530 (1988) (trial court has "`tasted the flavor of the litigation and is in the best position to make these kinds of determinations'" (quoting Westmoreland v. CBS, Inc., 770 F.2d 1168, 1174 (D.C.Cir. 1985))).
[2] CR 11 provides, in part: "[T]he court, upon motion or upon its own initiative, may impose... an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or legal memorandum, including a reasonable attorney fee."
[3] See, e.g., Biggs, 124 Wash.2d at 201, 876 P.2d 448 (when imposing CR 11 sanctions, the court must enter findings to specify the conduct which is sanctionable); Blair, 88 Wash.App. at 483, 945 P.2d 1149 (remanding for entry of findings to justify imposition of CR 11 sanctions where record does not explain why it believed the pleading to be groundless); Rhineharl v. Seattle Times, Inc., 59 Wash.App. 332, 342, 798 P.2d 1155 (1990) (when imposing sanctions, the court must make an adequate record for appellate review); Doe v. Spokane & Inland Empire Blood Bank, 55 Wash.App. 106, 111-12, 780 P.2d 853 (1989) (same).
[4] See Biggs, 124 Wash.2d at 197, 876 P.2d 448 (CR 11 is not to act as a fee-shifting mechanism); Mellor v. Chamberlin, 100 Wash.2d 643, 649, 673 P.2d 610 (1983) (observing that under "American Rule," parties should pay their own attorney fees); In re Eaton, 48 Wash.App. 806, 814, 740 P.2d 907 (1987) ("Attorney fee awards are not favored in this state, and will not be granted absent contract, statute, or recognized ground in equity"), rev'd on other grounds, 110 Wash.2d 892, 757 P.2d 961 (1988).
[5] RCW 4.84.185 provides:

"In any civil action, the court having jurisdiction may, upon written findings by the judge that the action ... was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action.... This determination shall be made upon motion by the prevailing party after a voluntary or involuntary order of dismissal, order on summary judgment, final judgment after trial, or other final order terminating the action as to the prevailing party. The judge shall consider all evidence presented at the time of the motion to determine whether the position of the nonprevailing party was frivolous and advanced without reasonable cause. In no event may such motion be filed more than thirty days after entry of the order."
[6] See Cowiche Canyon Conservancy v. Bosley, 118 Wash.2d 801, 809, 828 P.2d 549 (1992) ("An issue raised and argued for the first time in a reply brief is too late to warrant consideration"); In re Marriage of Sacco v. Sacco, 114 Wash.2d 1, 5-6, 784 P.2d 1266 (1990) (refusing to consider request for fees under RAP 10.3 not raised until the reply brief); but see King County Water Dist. No. 90 v. City of Renton, 88 Wash.App. 214, 231, 944 P.2d 1067 (1997) (court properly heard request for CR 11 sanctions made for the first time before the trial court in a reply brief because opposing party was otherwise given sufficient notice to seek them).
[7] See Seattle Filmworks, Inc. v. Dep't of Revenue, 106 Wash.App. 448, 453, 24 P.3d 460 (proper construction of statute is question of law; review is de novo), review denied, 145 Wash.2d 1009, 40 P.3d 1176 (2001); Tradewell Group, Inc. v. Mavis, 71 Wash.App. 120, 126-27, 857 P.2d 1053 (1993) (whether statute authorizes attorney fees is question of law subject to de novo review).
[8] Former RCW 4.24.510 provided:

"A person who in good faith communicates a complaint or information to any agency of federal, state, or local government, or to any self-regulatory organization that regulates persons involved in the securities or futures business and that has been delegated authority by a federal, state, or local government agency and is subject to oversight by the delegating agency, is immune from civil liability for claims based upon the communication to the agency or organization regarding any matter reasonably of concern to that agency or organization. A person prevailing upon the defense provided for in this section shall be entitled to recover costs and reasonable attorneys' fees incurred in establishing the defense."