# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

In re the Matter of the Marriage of )
                                    )    No. 70959-3-I

TAMMY J. TRIPLETT,               )
                                      )    DIVISION ONE

             Respondent,           )
       and                             )    UNPUBLISHED OPINION

                                      )
STEPHANIE L. CASE,           )
                                      )
             Appellant.            )    FILED: July 21, 2014

SPEARMAN, C.J. — Stephanie Case appeals the trial court's order granting dismissal of her petition to modify child support and denial of her motion for reconsideration. She argues the trial court erred in ruling on Tammy Triplett's motion to dismiss because (1) the trial court lacked subject matter jurisdiction, (2) she was entitled to default judgment, (3) the motion to dismiss was filed in violation of the court rules, (4) the trial court failed to enter required findings of fact and conclusions of law, (5) dismissal without a full evidentiary hearing violated her right to due process, and (6) the trial court's actions demonstrate bias and extreme prejudice. We affirm, and deny each party's request for attorney fees and costs on appeal.

## FACTS

On January 8, 2013, Stephanie Case filed a motion to adjust her child support obligations. Noting her recent unemployment and outstanding debt, she requested that the court deviate from the standard calculation and reduce her child support obligation to $50 per month, pending reemployment. That same day, Case filed a motion for relief of judgments, in which she requested the court

grant relief from judgments ordering her to pay part of an outstanding childcare debt which, according to Case, was incurred entirely by Triplett. On February 6, 2013, the trial court granted Case's motion to adjust in part, reducing her support obligation to $200 per child, pending reemployment. The court denied her request for relief from the childcare judgments.

The February 6 order set forth a method for the parties to recalculate child support obligations once Case found new employment. The order stated:

> The obligor shall actively seek reemployment. Obligor shall notify obligee within two (2) days of obtaining reemployment. When reemployment has been obtained, child support shall be recalculated based on obligor's new income, as well as the obligee's then current income, and the adjusted support shall be effective the month following reemployment. If the parents are unable to reach agreement regarding child support based on their respective incomes, the issue of the adjusted and permanent order of child support may be addressed on the family law motions calendar, retroactive to the month following the month in which the obligor is reemployed.

Clerk's Papers (CP) at 30:3.9.

After Case returned to employment, she and Triplett were unable to reach agreement regarding child support. Consequently, on June 24, 2013, Case filed a petition for modification of her child support obligations. She requested a deviation from the standard calculation, based on "extreme involuntary debt," namely, the judgment for outstanding childcare debt. CP at 40. The petition was scheduled for trial by affidavit on October 10, 2013.

Subsequently, on July 16, 2013, Triplett filed motions to dismiss the petition and to adjust child support. In her motion to dismiss, Triplett alleged, among other things, that "Respondent's Petition does not allege any statutory factors required by RCW 26.09.170 to modify child support and should be dismissed." CP at 51. Triplett noted her motions for oral argument on August 2, 2013, on the family law motions calendar. At the start of the August 2 hearing the commissioner explained to the parties that, because Case's motion for modification had been noted for trial by affidavit, Triplett's motions were improperly set on the family law motions calendar. The commissioner declined to rule on the merits of Triplett's motions, dismissed the motions without prejudice, and informed Triplett that she could resubmit the motions in writing, without oral argument, to the commissioner presiding over the trial by affidavit calendar.

On August 6, 2013, Triplett renoted her motion to dismiss and motion to adjust child support on the trial by affidavit calendar without oral argument. On August 9, 2013, Case filed a motion/declaration for an order of default against Triplett regarding her petition to modify child support. All three motions were scheduled for hearing on August 23, 2013.

On September 9, 2013, the court entered an order dismissing Case's petition for modification of child support. On the same date, the court denied without prejudice Triplett's motion to adjust child support and directed that the

matter should be renoted on the family law motions calendar. CP at 99-100, 382. Although, the court did not specifically address Case's motion for default, the dismissal of her petition had the practical effect of denying the motion.

Case moved for reconsideration of the court's September 9 rulings a few days later. The court denied Case's motion for reconsideration on September 16, 2013. On October 4, 2013, Case appealed the dismissal of her petition for modification and the denial of her motion for reconsideration.

While this appeal was pending, the parties proceeded to oral argument on Triplett's motion to adjust on October 11, 2013. At the hearing, Triplett presented worksheets documenting Case's earnings and requested that support be recalculated in light of those amounts. She also moved the court to extend support for the parties' son, S.C., because, according to her, although S.C. was 19 years old, he was still enrolled in high school. In response, Case attempted to relitigate issues raised in her unsuccessful petition for modification. She argued again that she was entitled to a deviation, this time citing Triplett's higher income and her own significant debt arising from her period of unemployment. Case also argued that her support obligation for S.C. had terminated because S.C. had graduated high school. Case presented a copy of a screen shot of S.C.'s Facebook page, in which S.C. represented that he had graduated from high school in December 2012.

No. 70959-3-I/5

The court granted Triplett's motion to adjust child support in part. It adjusted Case's support obligation based on Triplett's documentation of wages, but refused to extend support for S.C. because he was over 18 and the evidence was insufficient to establish that he was still enrolled in high school. 10/11/13 VRP at 13-15; CP 148-55. The court denied Case's request for a downward deviation of her support obligation because the basis for the request was legally insufficient.

Case appeals the orders regarding the motion to dismiss the petition for modification of child support, specifically the order reserving the motion to the trial by affidavit calendar (August 2), the order dismissing the petition (September 9), and the order denying the motion to reconsider the dismissal (September 16). Although Case did not file a notice of appeal regarding the October 11, 2013 child support adjustment order, she also seeks review of that order.

## DISCUSSION

Case assigns numerous errors with respect to the trial court's September 9, 2013 dismissal of her petition for modification, September 16, 2013 denial of her motion for reconsideration, and October 11, 2013 order granting in part and denying in part Triplett's motion to adjust. As a preliminary matter, we consider the appealability of the trial court's October 11 order, which was not designated in Case's notice of appeal.

5

No. 70959-3-I/6

Case seeks review of the October 11 order pursuant to RAP 2.4(b), which provides, in relevant part:

> **Order or Ruling Not Designated in Notice.** The appellate court will review a trial court order or ruling not designated in the notice, including an appealable order, if (1) the order or ruling prejudicially affects the decision designated in the notice, and (2) the order is entered, or the ruling is made, before the appellate court accepts review.

The application of this rule was discussed in Franz v. Lance, 119 Wn.2d 780, 836 P.2d 832 (1992). In that case, the appellants contended that because they timely filed a notice of appeal from an order imposing sanctions against them, the appellate court could also consider the underlying judgment finding them liable to respondents. The Supreme Court agreed.

> A party need not file a notice of appeal within 30 days of every appealable order or judgment but may instead await the final decision in the case. If a timely notice of appeal is filed from that decision, the appellate court will review *prior* orders and judgments, even those which were immediately appealable, if they prejudicially affect the final judgment.

Id. at 781 (citations omitted) (emphasis added).

Here, the October 11 order was entered well after the orders designated in the notice. Moreover, the order was responsive to a different motion, brought by a different party, than the orders designated in the notice of appeal. Although Case contends the October 11 order prejudicially affected the September 9 and

No. 70959-3-I/7

16 orders, she fails to explain in what way. Because Case fails to satisfy both prongs of RAP 2.4(b) her request for review of the October 11 order is denied.[1]

With respect to the September 9 and September 16 orders, Case raises several procedural and substantive arguments. These arguments lack merit.

First, Case claims that the trial court lacked subject matter jurisdiction. Subject matter jurisdiction is a broad concept, which can only be attacked when the court has no power to entertain the controversy, as when the constitution or legislature explicitly denies jurisdiction. In re Marriage of Major, 71 Wn. App. 531, 533, 859 P.2d 1262 (1993). Superior courts are courts of general jurisdiction, with long-recognized "power to hear and determine all matters, legal and equitable . . . except in so far as these powers have been expressly denied." Id. (quoting State ex rel. Martin v. Superior Court of King County, 101 Wash. 81, 94, 172 P. 257 (1918)).

Case acknowledges the superior court's authority to hear family law matters and particularly matters of child support. Brief of Appellant at 18-19. Yet, she argues that because the motion to dismiss the petition for modification of support was initially set on the wrong calendar, the court lost the ability to hear family law matters. Case cites no authority for the proposition that a court is deprived of jurisdiction by such a mechanism, and we reject the argument.

---

[1] Because we do not grant review of the October 11 order, we do not address Case's assignments of error 10, 11, and 12, which relate to that order only.

7

Next, Case asserts that she was entitled to a default judgment because, in her view, Triplett did not timely respond to the petition of modification. We disagree. CR 12(a)(1) requires a defendant to file a responsive pleading within 20 days of personal service. Similarly, RCW 26.09.175(4) provides: "A responding party's answer and worksheets shall be served and the answer filed within twenty days after service of the petition or sixty days if served out of state. A responding party's failure to file an answer within the time required shall result in entry of a default judgment for the petitioner." Pursuant to CR 12(b)(6), a party can satisfy the responsive pleading requirement by filing a motion for relief on the basis of the plaintiff's failure to state a claim upon which relief can be granted.

Here, Case served her petition to modify on Triplett on June 29, 2013. Seventeen days later, on July 16, Triplett filed a motion to dismiss the petition, in which she asserted as a basis for relief that Case had failed to "allege any statutory factors required by RCW 26.09.170 to modify child support." CP at 51. The motion essentially claimed, as in a motion pursuant to CR 12(b)(6), that as a matter of law, Case had failed to state a claim upon which relief can be granted. As such, the motion is a timely response to the petition. Case was not entitled to a default judgment.

Next, Case seems to argue that Triplett's motion to dismiss should have been barred because, in Case's view, it was not filed in accordance with the

court rules. Case cites CR 7(b)[2] and LCR 7(b)[3], which govern the filing of motions and other papers in King County Superior Court. Case maintains that Triplett merely filed a notice of hearing, without any memorandum requesting relief from the court or stating grounds for such relief. She is mistaken.

It is undisputed that Triplett filed a motion to dismiss in accordance with the court rules on July 16, 2013. Case contends that the commissioner dismissed this motion during the August 2 hearing, and that Triplett's subsequent filing of a notice of hearing, without the moving papers, is insufficient. But, the report of proceedings and the order from the August 2 hearing make it clear that the commissioner reserved ruling on Triplett's motion to dismiss and merely instructed Triplett to renote the motion on the trial by affidavit calendar. Case cites no authority requiring a party who is merely rescheduling hearing on a

---

[2]CR 7(b) provides in relevant part:
> **Motions and Other Papers.**
> (1) *How Made.* An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

[3] LCR 7(b) provides in relevant part:
> **(4) Dates of Filing, Hearing and Consideration.**
> **(A)** Filing and Scheduling of Motion. The moving party shall serve and file all motion documents no later than six court days before the date the party wishes the motion to be considered. A motion must be scheduled by a party for hearing on a judicial day. For cases assigned to a judge, if the motion is set for oral argument on a non-judicial day, the moving party must reschedule it with the judge's staff; for motions without oral argument, the assigned judge will consider the motion on the next judicial day.

No. 70959-3-I/10

previously filed motion to resubmit the moving papers. Accordingly, we reject her argument.

Case next argues that the trial court erred in dismissing her petition without entering findings and facts and conclusions of law, which, in her view, were required under CR 52. She is incorrect.

CR 52(a)(5)(B) provides that findings of fact and conclusions of law are not necessary for "decisions of motions under rules 12 or 56 or any other motion, except as provided in rules 41(b)(3) and 55(b)(2)." Because Case's petition was dismissed pursuant to a motion, and the motion was not a motion for involuntary dismissal under CR 41(b)(3) or a default judgment under CR 55(b)(2), findings of fact and conclusions of law were not required.

Without citing any authority, Case argues that the trial court denied her due process when it dismissed her petition before trial, without permitting her to conduct discovery, submit evidence, or make argument. This argument lacks merit. As previously discussed, Case's petition was dismissed pursuant to a properly filed pretrial motion. And, to the extent that Case's alleged due process violations stem from the commissioner's refusal to hear argument or evidence during the August 2 hearing, we find no error because, as previously noted, the commissioner did not rule on the merits of either Case's petition to modify or Triplett's motion to dismiss.

10

Finally, Case asserts that the commissioner that heard the August 2 motion was biased and prejudiced against her because she is a transsexual female.[4] She contends that "the court engaged in demeaning epithets to discriminate, intimidate, harass and publicly humiliate the appellant." Brief of Appellant at 4-6, 27. She asserts that during the course of the hearing, the court used language that demonstrated negative pronoun stereotyping, extreme prejudice, and bias based on her sexual orientation.

Canon 2.3(A) of the Code of Judicial Conduct (CJC) provides that a judge "shall perform the duties of judicial office . . . without bias or prejudice." We will not hesitate to admonish a judicial officer who violates of this provision. See, e.g., In re Hammermaster, 139 Wn.2d 211, 985 P.2d 924 (1999) (ordering censure and six-month suspension without pay of judge found to have repeatedly violated canons of the CJC regarding the duty to be fair, impartial, and respectful of litigants).

Based on our review of the record in this case, however, we cannot conclude that the trial court demonstrated bias against Case or otherwise treated her disrespectfully. The record reveals that the court referred to Case as "sir" twice on August 8 and three times on October 11. 8/2/13 Verbatim Report of Proceedings (VRP) at 4:1, 5:11; 10/11/13 VRP at 7:10, 9:15, 9:23, 13:8. The

---

[4] Because the same commissioner presided over the hearings on August 2 and October 11, we will consider Case's complaints regarding the latter hearing only insofar as they may inform our review of the complaint of judicial misconduct in the August 2 proceeding.

court promptly corrected itself after these occurrences and, at least once, apologized to Case. 10/11/13 VRP at 7:12. Aside from these five occurrences, the court repeatedly referred to Case as "Ms. Case" or "Ma'am." 8/2/13 VRP at 4:1, 5:12; 10/11/13 VRP at 2:20, 2:22, 3:14, 4:11, 4:25, 5:2, 5:4, 5:7, 6:2, 6:25, 7:12, 9:23, 11:13, 11:20, 12:15, 12:20, 13:22, 14:1, 14:6, 14:12. We find the record, taken as a whole, including the court's efforts to promptly correct itself when it misspoke, its apology to Case, and its favorable ruling on her request to terminate the support obligation as to S.C., evinces no bias or prejudice against Case or any disrespect toward her.

## Attorney Fees

Case requests attorney fees pursuant to RCW 26.09.140 and RAP 18.1. RCW 26.09.140 authorizes the court on appeal to order one party to pay the reasonable attorney fees of the other, based upon the parties' financial resources. RAP 18.1 sets forth the procedure in this court for obtaining such an award. Case has complied with RAP 18.1(b) by arguing for fees in her brief. But she has not complied with RAP 18.1(c) by filing an affidavit of financial need at least 10 days before argument. Accordingly, Case's request is denied.

Triplett requests attorney fees pursuant to RAP 18.9(a), which authorizes the appellate court to order a party or counsel who files a frivolous appeal to pay sanctions, including an award of attorney fees and costs to the opposing party. See Yurtis v. Phipps, 143 Wn. App. 680, 696, 181 P.3d 849 (2008) (citing

12

No. 70959-3-I/13

Rhinehart v. Seattle Times, Inc., 59 Wn. App. 332, 342, 798 P.2d 1155 (1990)).

An appeal is frivolous when it presents "no debatable issues upon which

reasonable minds might differ and . . . is so devoid of merit that there is no

possibility of reversal." Lutz Tile, Inc. v. Krech, 136 Wn. App. 899, 906, 151 P.3d

219 (2007). We deny the request because the issues presented in this appeal

are not frivolous.

Affirmed.

WE CONCUR: