Ruby Dell HARRIS, Plaintiff,

v.

CITY OF SEATTLE, et al., Defendants.

No. C02–2225P.

United States District Court,
W.D. Washington.

Jan. 23, 2004.

Phillip Aaron, Seattle, WA, for Plaintiff.

Jennifer D. Bucher, Roger L. Hillman, Garvey Schubert Barer, Gretchen Herbison, Medora A. Marisseau, Bullivant Houser Bailey, Bruce EH. Johnson, Diana C. Tate, Davis Wright Tremaine, LLP, Seattle, WA, for Defendants.

## ORDER GRANTING DEFENDANT WASHINGTON FIRM'S MOTION FOR SUMMARY JUDGMENT

PECHMAN, District Judge.

This matter comes before the Court on the Washington Firm Defendants' motion for summary judgment. (Dkt. No. 61.) The Washington Firm and the three individually named Defendants Nina Sanders, Desree Griffin, and Kristina Moris, all of whom work for or are associated with the Washington Firm, (collectively "the Washington Firm Defendants") filed this motion. Having reviewed the pleadings and supporting documents, the Court GRANTS the Washington Firm Defendants' motion. The Washington Firm Defendants are immune under RCW 4.24.510 from civil liability arising out of a communication to the City on a matter of reasonable concern to the City. Because all of Plaintiff's possible allegations against these Defendants arise out of the hostile workplace investigation report the Firm submitted to the City, which relates to a matter reasonably of concern to the City, the Washington Firm Defendants are immune as to all of Plaintiff's claims.

## BACKGROUND

Plaintiff Ruby Dell Harris was Secretary and Chief Examiner of the City of Seattle's ("City") Public Safety Civil Service Commission. Ms. Harris has alleged a racially motivated conspiracy to undermine her authority and the Commission itself involving many City employees, the Washington Firm, and KING Broadcasting Company. Specifically, Plaintiff claims that Defendants' actions were defamatory, invaded her privacy, placed her in a false light, and resulted in severe emotional distress.

In 2000, two employees under Plaintiff's supervision complained to Plaintiff of a

hostile work environment. Plaintiff met with various employees regarding the complaints. The parties dispute who said what during that and subsequent meetings on the issue. Eventually, the City, through the City Attorney and a City Commissioner, hired the Washington Firm to investigate whether there was a hostile workplace environment in the Commission.

The Washington Firm conducted its investigation from August through November, 2000. Through the course of its investigation, the Washington Firm interviewed various Commission employees, including Plaintiff. As a result of the investigation, the Washington Firm wrote a report concluding that there was not a hostile workplace environment, but questioning the way Plaintiff handled the dispute. (Sanders Dec., Ex. 1.) The report was labeled "Private and Confidential— Attorney Client Privilege." In January, 2001, the Washington Firm submitted the report to the City Attorney and to no one else. This appears to be the extent of the Washington Firm's involvement with this matter.

## ANALYSIS

A party who communicates information to a local government agency regarding a matter of concern to the agency is immune from civil liability arising out of that communication. RCW 4.24.510. At the time

Plaintiff filed this suit naming the Washington Firm and its employees as Defendants, the statute read:

A person who in good faith communicates a complaint or information to any branch or agency of federal, state, or local government ... is immune from civil liability for claims based upon the communication to the agency or organization regarding any matter reasonably of concern to that agency or organization.

Former RCW 4.24.510 (1999).[1]

■ When this immunity defense is raised in response to a defamation claim, "the proper standard for determining whether the defendant acted good faith for purposes of RCW 4.24.510 is the actual malice standard." *Right–Price Recreation v. Connells Prairie Community Council,* 146 Wash.2d 370, 383, 46 P.3d 789 (2002) (quotations omitted, citing *Gilman v. MacDonald,* 74 Wash.App. 733, 734, 875 P.2d 697 (1994)). As such, the burden is on the plaintiff to show by clear and convincing evidence that the defendant did not act in good faith. *Id.*

■ At the City's request, the Washington Firm submitted a report to the City regarding the Washington Firm's investigation into a possible hostile work environment in Plaintiff's agency. Plaintiff's claims for defamation and false light

---

1. In 2002, the statute was amended to remove the good faith requirement. The Court disagrees with the Washington Firm's contention that the 2002 amendment means that the good faith requirement does not apply in this instance. Plaintiff filed her first complaint, which named the Washington Firm and its employees as Defendants, in October, 2001. That complaint was removed and assigned to Judge Rothstein who dismissed the federal civil rights causes of action and remanded the case. In October, 2002 Plaintiff amended the complaint adding a new RICO federal question cause of action, and adopting by reference the first complaint. The second com-

plaint was filed with the same state court cause number as the first complaint. As such, Plaintiff first sued the Washington Firm Defendants before the statute was amended. The version of the statute that existed at the time the suit was first instituted against the Washington Firm should control. *See Hillstrom Cabinets v. Town of South Prairie,* 118 Wash.App. 1050, 2003 WL 22183936, *22 n. 9 (Sept. 23, 2003) (unpublished opinion) (applying the pre–2002 version of the statute with the good faith requirement when the complaint was filed before the 2002 version was enacted). Therefore, the good faith requirement is applicable here.

against the Washington Firm Defendants arise directly out of this communication. The existence of a hostile work environment in a city agency is a matter reasonably of concern to the city. The fact that the City took the initiative to hire an outside firm to investigate the matter demonstrates the fact that the City took the allegations of a hostile work environment seriously. This further bolsters the conclusion that the Washington Firm's report addressed a matter that was reasonably of concern to the City. Contrary to Plaintiff's contention, there is nothing in the statute or the case law that limits the application of this statute to communications about issues of public interest or social significance. Plaintiff has not cited any authority for this proposition. While it may often be invoked in such a context, there is no authority indicating that it is limited to such situations. Therefore, the Washington Firm Defendants may invoke this immunity defense unless Plaintiff can show that the Washington Firm Defendants acted without good faith in submitting the report to the City.

■ Plaintiff has failed to present evidence that the Washington Firm Defendants acted with actual malice in filing their report with the City. It is the plaintiff's burden to prove by clear and convincing evidence that the defendant acted with actual malice. Plaintiff maintains that the Washington Firm Defendants knew or should have known that the report they submitted contained false and misleading information. (Plf.'s Resp. at 9–10.) Plaintiff claims that she has evidence that the report was false. (Id. at 11.) However, the deposition of Washington Firm employee Nina Sanders on which Plaintiff relies does not support Plaintiff's position. Ms. Sanders does not state that she did not care if the information in the report was true or false. Rather she states that the Washington Firm decided not to interview the two City employees that Plaintiff wanted interviewed because the Firm determined that they did not need more information on the topics that those employees were likely to discuss. (Aaron Dec., Ex. D at 66–70.) Plaintiff has not presented any other supporting evidence showing that the Washington Firm Defendants knew such information was false or that they recklessly disregarded the accuracy of such information. The fact that the Washington Firm Defendants conducted an investigation involving Plaintiff and submitted a report that questioned Plaintiff's handling of hostile workplace complaints does not prove that they acted without good faith. Because Plaintiff has failed to present evidence that the Washington Firm Defendants acted with malice in submitting the report to the City, the Washington Firm Defendants are immune from Plaintiff's defamation and false light claims under RCW 4.24.510.

■ Plaintiff also argues that the Washington Firm Defendants wrongfully disseminated the report. If the Washington Firm Defendants had disseminated the report to non-City authorities, they might not be able to seek refuge under RCW 4.24.510. However, according to Nina Sanders, the report was given only to the City Attorney and to no one else. (Sanders Dec., ¶ 8.) In contrast, Plaintiff has not submitted any evidence showing that the Washington Firm Defendants disseminated the report to anyone other than the City Attorney's Office. Moreover, Plaintiff admitted that she had no evidence that the Washington Firm Defendants had any role in disseminating the report beyond the City Attorney's office where the report was submitted. (Marisseau Dec., Ex. A at 132–33.)

■ As regards Plaintiff's invasion of privacy related claims, Plaintiff has not presented any information that the Washington Firm Defendants included anything

private about Plaintiff in the report, and certainly not that the Washington Firm Defendants did so with bad faith. Consequently, the Washington Firm Defendants are immune under RCW 4.24.510 from Plaintiff's invasion of privacy claims. Likewise, Plaintiff's outrage and intentional infliction of emotional distress against the Washington Firm Defendants fail for the same reason since they both arise out of the report submitted to the City.

Lastly, Plaintiff's RICO claim is equally untenable. Plaintiff alleges that the Washington Firm Defendants colluded with the City and KING Broadcasting in defaming Plaintiff, invading her privacy, and engaging in the other torts discussed above. Because those claims all fail under RCW 4.24.510, Plaintiff's RICO claim also fails.

■ Plaintiff argues as a general matter that there are still material issues of fact on these issues. However, this argument is not sufficient to survive summary judgment. In a motion for summary judgment, once the moving party has met its initial burden, the burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must have evidence showing that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. 2548. Plaintiff must present evidence that there is a material fact in dispute as to the veracity of the report. Plaintiff has failed to do so. Plaintiff may not rely on legal conclusions, factual allegations, or general assertions that there are material facts in dispute.

Similarly, Plaintiff argues that summary judgment is not appropriate because Plaintiff has not completed discovery yet. However, a defendant may motion for summary judgment at any time. While Rule 56(f) gives the Court discretion to continue the summary judgment motion if the party opposing the motion can show that she cannot father the facts necessary to fully oppose the motion, Plaintiff has not moved for a Rule 56(f) continuance. Moreover, even if she had, it would unlikely be granted. The dispositive motions deadline was November 24, 2003. Apparently Plaintiff waited until November 10 to serve notices of depositions of the Washington Firm Defendants and waited until November 23 to serve written discovery requests. Such dilatory discovery efforts would likely not justify a continuance. Absent a request for a continuance, there is no reason to put off ruling on this summary judgment motion. The Plaintiff had two years to conduct discovery. Her failure to do so does not create a material issue of fact.

## CONCLUSION

The Court GRANTS the Washington Firm Defendants' motion for summary judgment because they are immune from civil liability under RCW 4.24.510 for any causes of action arising out of the hostile workplace investigative report they submitted to the City at the City's request.

The clerk is directed to provide copies of this order to all counsel of record.