**Ruby Dell HARRIS, Plaintiff—Appellant,**

v.

**CITY OF SEATTLE, a municipal corporation; et al., Defendants—Appellees.**

Nos. 04–35148, 04–35226.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted Sept. 12, 2005.

Decided Oct. 3, 2005.

Jennifer D. Bucher, Esq., Roger L. Hillman, Garvey Schubert & Barer, Phillip Aaron, Seattle, WA, Emmelyn Hart-Biberfeld, Esq., Talmadge Law Group PLLC, Tukwila, WA, for Defendants-Appellees.

Before: BROWNING, ALARCÓN, and KLEINFELD, Circuit Judges.

## MEMORANDUM *

Plaintiff Ruby Dell Harris appeals from the district court's order granting summary judgment in favor of Defendants KING Broadcasting ("KING"), the Washington Firm, Ltd. ("Firm"), and the City of Seattle ("City"). She contends that she presented clear and convincing evidence that KING acted with actual malice in presenting her in a false light. She also maintains that she raised a genuine issue of material fact regarding the Firm's good faith in investigating the way she handled workplace harassment complaints. She further asserts that the evidence was sufficient to withstand the City's summary judgment motion.

We affirm because we conclude that the district court did not err in dismissing each of her claims.

### I

Ms. Harris first contends that the district court erred in granting summary judgment on her claim against KING for false light. We review a grant of summary judgment de novo. *Suzuki Motor*

Philip A. Talmadge, Esq., Talmadge & Stockmeyer PLLC, Tukwila, WA, for Plaintiff-Appellant.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Corp. v. Consumers Union of the United States, Inc.*, 330 F.3d 1110, 1132 (9th Cir. 2003). Applying the same standard used by the trial court under Rule 56(c) of the Federal Rules of Civil Procedure, we must "determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Id.*

Although "[i]n cases raising First Amendment issues [the Supreme Court has] repeatedly held that an appellate court has an obligation to make an independent examination of the record in order to make sure that the judgment does not constitute a forbidden intrusion on the field of free expression," *Bose Corp. v. Consumers Union of United States, Inc.*, 466 U.S. 485, 499, 104 S.Ct. 1949, 80 L.Ed.2d 502 (1984) (quotation marks omitted), this principle "does not require [a reviewing court] to discard the procedural rules designed to preclude the resolution of disputed factual issues at the summary judgment stage." *Suzuki Motor Corp.*, 330 F.3d at 1133.

A public official cannot recover on a false light claim against unless he or she can prove by clear and convincing evidence that the defendant acted with constitutional malice.[1] *See, e.g., Hoppe v. The Hearst Corp.*, 53 Wash.App. 668, 770 P.2d 203, 208–09 (1989) (concluding that a public figure must establish actual malice to recover on a false light claim). "The Supreme Court has defined actual malice as publication with the knowledge that a statement is false, or with a reckless disregard for truth or falsity." *Kaelin v. Globe Commu-*

*nications Corp.*, 162 F.3d 1036, 1042 (9th Cir.1998). "[A]lthough the concept of 'reckless disregard' 'cannot be fully encompassed in one infallible definition,' we have made clear that the defendant must have made the false publication with a 'high degree of awareness of … probable falsity,' or must have 'entertained serious doubts as to the truth of its publication.'" *Harte–Hanks Communications v. Connaughton*, 491 U.S. 657, 667, 109 S.Ct. 2678, 105 L.Ed.2d 562 (1989).

At the summary judgment stage, the plaintiff must offer evidence that "could support a reasonable jury finding … that the plaintiff has shown actual malice by clear and convincing evidence." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255–56, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). We hold that Ms. Harris has failed to meet this burden. Although she has presented some evidence of actual malice, it is not sufficient to meet the exacting clear and convincing evidence standard.[2]

■ First, Ms. Harris asserts that KING reporter Duane Pohlman testified in a deposition that he wanted to "shock the public" by reporting that a public official was misusing taxpayer money while on an official trip to Las Vegas. While evidence of a defendant's bias or editorial slant is generally not sufficient to demonstrate malice, RODNEY A. SMOLLA, 1 LAW OF DEFAMATION § 3:67 (2005), the Supreme Court has instructed that "a plaintiff is entitled to prove the defendant's state of mind through circumstantial evidence, and it cannot be said that evidence concerning motive or care never bears any relation to

---

1. On this appeal, Ms. Harris does not challenge the district court's conclusion that she is a public official.

2. The district court also concluded that Ms. Harris had failed to demonstrate falsity, but

for purposes of this discussion, we will assume Ms. Harris's declaration that she only gambled or shopped during her lunch break or free time constitutes sufficient evidence of falsity.

the actual malice inquiry." *See Harte–Hanks,* 491 U.S. at 668, 109 S.Ct. 2678 (citations omitted). Thus, "evidence that a defendant conceived a story line in advance of an investigation and then consciously set out to make the evidence conform to the preconceived story is evidence of actual malice, and may often prove to be quite powerful evidence." SMOLLA, *supra,* § 3:71; *see also Suzuki Motor Corp. v. Consumers Union of United States, Inc.,* 330 F.3d 1110, 1135 (9th Cir.2003) (finding evidence that the defendant "rigged" its test to conclude plaintiff's vehicle rolled over too easily was sufficient to prove malice).

Ms. Harris's assertion that Mr. Pohlman set out to "shock the public" with his report, however, is not evidence of a preconceived editorial slant. Rather, it is Ms. Harris's paraphrase of Mr. Pohlman's deposition testimony. Mr. Pohlman testified that the reason KING followed Ms. Harris to Las Vegas and surreptitiously filmed her "was to see how taxpayer money was being spent and what she did at a management seminar." Accordingly, Ms. Harris's characterization of Mr. Pohlman's deposition testimony does not represent probative evidence of malice.

■ Second, Ms. Harris observes that Mr. Pohlman acknowledged in his deposition watching Ms. Harris during her lunch hour even though he stated that what she did on her own time was her business. Ms. Harris's evident theory is that this contradiction demonstrates malice. KING argues that Mr. Pohlman and his cameraman watched Ms. Harris during her lunch hour because they needed to keep track of her movements. This argument is convincing. Workshops and seminars were conducted from 10:15 a.m. to 4:45, with an intervening break and lunch. Mr. Pohl-

man could not monitor Ms. Harris's attendance at the seminars and workshops if he lost track of Ms. Harris during her lunch hour.

■ Third, Ms. Harris notes that KING did not include the time Ms. Harris spent at evening events when it asserted that Ms. Harris spent only 3½ hours attending seminars and workshops, even though Mr. Pohlman knew there were evening events at the conference. Ms. Harris contends that what she "did at night was just as important as what she did during the day because [she] continued to attend seminar functions in the evening."[3] This is not probative evidence of malice. The conference schedule distinguishes between nighttime events—such as the "Portland Chapter Event"—and seminars and workshops. KING's broadcast asserts that Ms. Harris spent only 3½ hours attending "seminars and workshops." KING's failure to include Ms. Harris's attendance at nighttime events in its calculation of how much time she spent attending seminars does not support an inference of malice.

■ Fourth, Ms. Harris maintains she "presented evidence refuting the allegations against her" at a press conference she held before KING aired its broadcasts against her. While acknowledging that a failure to investigate is not sufficient to prove recklessness, Ms. Harris cites *Herron v. King Broadcasting Co.,* 112 Wash.2d 762, 776 P.2d 98 (1989) for the proposition that "when a reporter does in fact conduct an investigation and his investigation does not support his false statement or brings to his attention facts which rebut the false statement, that is evidence from which a jury can infer reckless disregard." *Id.* at 106. However, the only evidence in the record concerning what Ms. Harris stated at her press conference

---

3. Appellant's Opening Brief ("Br.") at 17.

consists of that portion that was aired on KING's broadcast:

Harris: I brought back information on, um, productivity, uh, waste management. Information on, uh, there was a speaker, Glenda Hatchet, who did some speaking. Um, information on women, sisters on the move, that kind of information.

Pohlman: So what do you do? You just go to—what, seminars or something?

Harris: They're workshops. And also, evening events. Different events.

Pohlman: And you—and you went to those, and then brought back that information?

Harris: Yes, I did.

The fact that Ms. Harris issued such a generalized denial falls well short of demonstrating that KING acted with malice. "[A] reporter need not believe self-serving denials, 'as such denials are so commonplace in the world of polemical charge and countercharge.'" SMOLLA, *supra*, § 3:65.50 (quoting *Harte–Hanks*, 491 U.S. at 691, 109 S.Ct. 2678 n. 7). "A denial only serves to buttress a case for actual malice when there is something in the content of the denial or supporting evidence produced in conjunction with the denial that carries a doubt-inducing quality." *Id.* Moreover, the fact that KING included Ms. Harris's denials in its broadcast rebuts an inference of actual malice.[4]

## II

Next, Ms. Harris argues that the district court erred in ruling that the Firm was entitled to immunity from her claims against it under Wash. Rev.Code § 4.24.510 (1990). At the time this suit was filed, Wash. Rev.Code § 4.24.510 provided:

A person who in *good faith* communicates a complaint or information to any branch or agency of federal, state or local government . . . *is immune from civil liability* for claims based upon the communication to the agency or organization regarding any matter reasonably of concern to that agency or organization.

Wash. Rev.Code § 4.24.510 (1999) (emphasis added). "[T]he proper standard for determining whether the defendant acted in good faith for purposes of RCW 4.24.510 is the actual malice standard.'" *Right–Price Recreation LLC v. Connells Prairie Cmty. Council*, 146 Wash.2d 370, 46 P.3d 789, 796 (2002) (quoting *Gilman v. MacDonald*, 74 Wash.App. 733, 875 P.2d 697, 697 (1994)).

■ Ms. Harris contends that the Firm's failure to conduct a reasonable investigation is sufficient to demonstrate actual malice. She notes that during its investigation the Firm declined to interview several witnesses that she suggested. According to Ms. Harris, these witnesses would have informed the Firm that the

---

4. Ms. Harris also argues in her reply brief and at oral argument that rather than interviewing her supervisors, who allegedly would have confirmed Ms. Harris's version of events, KING confirmed its story with "complaining subordinates" of Ms. Harris who were biased against her. Under Ms. Harris's theory, this demonstrates actual malice because it shows that KING was turning a blind-eye to the truth. Although Ms. Harris fails to produce any evidence that her supervisors would have in fact confirmed her version of events (or that they could have, since they were not at the conference with Ms. Harris), KING's failure to contact Ms. Harris's supervisors is not evidence of actual malice. There is no evidence that KING was informed that Ms. Harris's supervisors would confirm her story. Furthermore, a failure to investigate is not sufficient to show actual malice. At most, it demonstrates negligence. *Dodds v. American Broadcasting Co.*, 145 F.3d 1053, 1063 (9th Cir.1998).

underlying hostile work environment complaints were false. This argument is not persuasive. Ms. Harris does not identify any statement of fact in the report that is false. Absent some evidence that the report contains a false statement, Ms. Harris's attempt to demonstrate actual malice fails. *See Loeffelholz v. Citizens for Leaders with Ethics & Accountability Now,* 82 P.3d 1199, 1120 (2004) (noting that where there is no evidence in the record of the falsity of a statement, the plaintiff necessarily fails to establish that the defendant acted with malice).

While Ms. Harris argues that the witnesses she suggested the Firm interview would have rebutted the hostile work environment complaints, the Firm's report did not assert that those complaints were valid. To the contrary, the report indicated that the underlying hostile work environment complaints could not be substantiated because Ms. Hill and Ms. Marks refused to sign the releases that were needed to interview them.

Notably, Ms. Harris does not dispute that she had an obligation under City Resolution 30004 to investigate the hostile work environment complaints in a timely manner. Nothing in Resolution 30004 indicates that a supervisor's obligation to investigate hostile work environment complaints is contingent on the validity of the complaints. Further, while Ms. Harris disputes the report's conclusion that she did not take the complaints seriously, this conclusion does not constitute an assertion of fact. It is more properly characterized as an opinion.

The district court did not err in granting the City's motion.

### III

■ Finally, Ms. Harris contends that the district court erred in granting sum-

mary judgment on her claim that the Commission lacked the authority to authorize the investigation of her handling of the workplace harassment complaints.

Ms. Harris notes that under Seattle Municipal Code § 4.08.040, two members of the Commission constitute a quorum. Invoking the common law rule that "in the absence of a contrary statutory provision, a majority of a quorum constituted of a simple majority of a collective body is empowered to act for the body," *Federal Trade Commission v. Flotill Products,* 389 U.S. 179, 88 S.Ct. 401, 19 L.Ed.2d 398 (1967), Ms. Harris contends that "the Commission did not have the necessary quorum to order an investigation of Ms. Harris's management skills and responsibilities because the two Commissioners who voted ultimately disagreed as to nature of the vote." [5] She cites a letter from Commissioner Jim Fossos to Commissioner Noreen Skagen, dated August 25, 2000, in which Mr. Fossos states that he voted only for an investigation of the allegations of workplace harassment, not an investigation of Ms. Harris.

The Firm points out that the letter from Mr. Fossos is both unauthenticated and hearsay. As such, it may not be considered on a motion for summary judgment. *See Orr v. Bank of America,* 285 F.3d 764, 773 (9th Cir.2002) ("A trial court can consider only admissible evidence in ruling on a motion for summary judgment."); *Canada v. Blain's Helicopters, Inc.,* 831 F.2d 920, 925 (9th Cir.1987) (holding that for a document to be considered on summary judgment, the document "must be authenticated by and attached to an affidavit that meets the requirements of 56(e) and the affiant must be a person through whom the exhibits could be admitted into evi-

---

**5.** Appellant's Opening Br. at 23.

dence") (internal quotation marks omitted). Ms. Harris therefore has failed to present any admissible evidence that a majority of the Commissioners did not agree to authorize an investigation of both the workplace harassment complaints and Ms. Harris's response to those complaints.

Further, assuming the investigation was not properly authorized, Ms. Harris does not cite any authority for the proposition that she has a legally cognizable cause of action as a result. As the district court noted:

> SMC 4.08.040 states that two commissioners constitutes a [qu]orum. However, nothing in this section refers to a majority vote requirement as a precondition for action by the Commission. Moreover, Plaintiff has not cited any provision of the SMC that a failure to comply with such a requirement creates a private right of action upon which Plaintiff may make this claim.

*Harris v. City of Seattle,* 315 F.Supp.2d 1112, 1125 (W.D.Wash.2004). We adopt the district court's analysis and affirm its grant of summary judgment for the City.

Costs are awarded to the appellees.

AFFIRMED.

KLEINFELD, J. concurring.

I concur in the majority's determination that the claims presented in this case are without merit. But I would further find that these claims are frivolous and abusive and that the appellant should be sanctioned. Allowing a public official to pursue frivolous claims against investigators and the media with impunity will deter valu-

able investigation of government officials by imposing excessive litigation costs on investigating parties. The way to avoid such a dangerous abuse is to award double costs[1] and attorney's fees[2] for bringing such frivolous suits. I would do so in this case.

---

1. 28 U.S.C. § 1912 ("Where a judgment is affirmed by the Supreme Court or a court of appeals, the court in its discretion may adjudge to the prevailing party just damages for his delay, and single or double costs.").

2. *Federal Election Commission v. Toledano,* 317 F.3d 939, 953–54 (9th Cir.2003)(granting attorney's fees even though the appellee had not requested them, "as a sanction for his bad-faith conduct and abuse of the judicial process.").