
## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| LORI S. HASKELL, | ) | NO. 67907-4-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| BYERS & ANDERSON, INC., and | ) | |
| LAUREL TERRY, Certified Court | ) | |
| Reporter, | ) | |
| | ) | |
| Respondents. | ) | FILED: March 25, 2013 |
| | ) | |

LEACH, C.J. — Lori Haskell appeals the trial court's summary dismissal of her claims against a court reporting agency, Byers & Anderson (B&A). Haskell alleges that B&A refused to provide a copy of a deposition transcript to her on the same terms it provided a copy to opposing counsel. In her complaint, she asserted claims for violations of the state statute and regulations governing court reporters, various intentional torts, breach of a fiduciary duty, and violations of the Consumer Protection Act, ch. 19.86 RCW. Because the record demonstrates that genuine issues of material fact exist about the terms of B&A's policy and its application, we reverse the grant of summary judgment and remand to the trial court.

## FACTS

Appellant Lori Haskell represented the plaintiff in an underinsured motorist claim against Farmers Insurance Company. Farmers scheduled the deposition of the plaintiff and contracted with B&A to report the deposition. Laurel Terry, an independent court reporter affiliated with B&A, provided the reporting service. At the end of the deposition, Farmers' attorney requested that the deposition be transcribed and ordered a copy of the transcript. Haskell also requested a transcript copy. Terry asked Haskell to complete a transcript order/credit card authorization form. When Haskell asked why she had to sign anything when the Farmers' attorney did not, Terry explained that B&A required sole practitioners and some small firms to complete a preauthorization form. Haskell refused to sign any "contract" because of her status as a sole practitioner. Terry notified B&A's billing manager that she had not received the completed form and asked her to follow up with Haskell.

B&A e-mailed Farmers the transcript on May 5, 2011.[1] On May 5, B&A sent Haskell a letter informing her that it had served the transcript on Farmers and that she and her client had 30 days to come to B&A's offices to review the transcript. B&A's billing manager, Meagan Barron, also called Haskell's office

---

[1] Farmers' attorney worked for a law firm with more than ten years' positive payment history with B&A. In accordance with its stated policy, B&A provided him with the transcript, along with an invoice payable in 30 days.

and left a message trying to get payment authorization to release a transcript copy to Haskell. Haskell, who was out of the office for several days, did not receive the messages until May 10. She called B&A to ask why they had not sent her the transcript. Barron informed her that she needed to "promise to pay" for the copy. Haskell refused to give such verbal assurance.[2] She also mailed a demand letter to B&A's Seattle satellite office, threatening further legal action if B&A did not release the transcript.[3] On May 17, after several additional unsuccessful attempts to speak with Haskell in person, the manager of B&A's Seattle and Tacoma offices, Jennifer Anderson, waived the company's "promise to pay" policy and e-mailed Haskell a copy of the transcript.[4] That afternoon, Haskell filed this lawsuit against B&A.[5]

B&A moved for summary judgment dismissing Haskell's claims. The trial court granted the motion, deciding that B&A's policy did not violate an

---

[2] The record indicates that this conversation ended with Haskell yelling and hanging up on Barron.

[3] B&A operates primarily out of its Tacoma office. Thus, it did not see this letter until May 17, when someone picked up the mail from the Seattle office.

[4] In her appellate briefing, Haskell repeatedly complains that Barron did not have an invoice prepared and that she did not know what the cost of the transcript would be. However, the record contains no indication that Haskell ever explained that she based her refusal to provide even a verbal promise to pay upon not knowing the amount charged.

[5] Haskell also moved for a temporary restraining order to force B&A to provide the transcript. The court commissioner denied the motion, noting that Haskell's injury was self-inflicted by her refusal to pay for the transcript and that B&A could follow whatever payment policies it chose.

administrative regulation requiring court reporters to provide their services on "equal terms" to all parties. Haskell appeals.

STANDARD OF REVIEW

We review summary judgment orders de novo.[6] A trial court may grant summary judgment only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.[7] When reviewing a summary judgment order, we engage in the same inquiry as the trial court, considering the facts and all reasonable inferences from the facts in the light most favorable to the nonmoving party.[8] We may affirm a trial court's grant of summary judgment on any basis supported by the record.[9]

ANALYSIS

Haskell complains that B&A did not provide its services to the parties on "equal terms" as required by state regulations applicable to court reporters. She alleges that B&A refused to invoice her for a copy of the deposition transcript and that it provided the transcript to Farmers' attorney without contemporaneously notifying her that the transcript was available.

[6] Hadley v. Maxwell, 144 Wn.2d 306, 310-11, 27 P.3d 600 (2001).
[7] CR 56(c).
[8] Right-Price Recreation, LLC v. Connells Prairie Cmty. Council, 146 Wn.2d 370, 381, 46 P.3d 789 (2002).
[9] Steinbock v. Ferry County Pub. Util. Dist. No. 1, 165 Wn. App. 479, 485, 269 P.3d 275 (2011).

WAC 308-14-130 requires "[a]ll certified court reporters (CCR) shall . . . [o]ffer arrangements on a case concerning court reporting services or fees to all parties on equal terms." (Emphasis added.) Haskell contends that B&A's practice of requiring some attorneys to prepay for transcript copies while providing direct billing for others violates this standard.

B&A claims that its payment policy is a legitimate business practice that it applies equally to all attorneys to better assure timely payment. Jennifer Anderson has been an owner and principal of B&A since it was established in 1980. According to Anderson, while the firm once provided transcripts to any party who requested them via COD payment or billing invoice, B&A chose to adopt a new policy to assure its court reporters actually got paid for their services. When it made this change, attorneys who had an ongoing relationship with B&A or an established positive payment history would remain on the company's direct billing list. Attorneys who had not worked with B&A in the past or did not have an established positive payment history would be required to provide some guarantee of payment before receiving the transcript.

Haskell presented evidence that B&A applies its credit policy in a discriminatory fashion, requiring different payment arrangements with sole practitioners. In her declaration, Haskell stated that Terry told her Haskell needed to sign the requested form because she was a sole practitioner. Terry

admits, "I did make reference to the fact that Haskell was a sole practitioner." One can infer from the descriptions of their conversation provided by Haskell and Terry that Terry had no knowledge of Haskell's prior history with B&A and made no inquiry of Haskell about any prior history with B&A before determining that she was a sole practitioner and requesting credit card information. For purposes of opposing summary judgment, Haskell is entitled to these inferences. These facts and inferences create a sufficient factual dispute about the terms of B&A's credit policy and its application to require a trial.

Haskell requests attorney fees for this appeal. However, her request for prevailing party attorney fees is premature. The identity of the ultimately prevailing party cannot be determined at this time.

## CONCLUSION

Because Haskell raised genuine issues of material fact about the terms of B&A's policies for provision of court reporting services and their application to sole practitioners, we reverse and remand.

_Leach, C.J._

WE CONCUR:

_Spearman, J._                    _Schindler, J._

-6-