# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JEAN V. RITTMANN, a Washington resident, | No. 82084-2-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| CITY OF EVERETT, a Washington municipal corporation, | |
| Respondent. | |

COBURN, J. — Jean Rittmann appeals an October 2020 trial court order denying her motion to reconsider an earlier April 2019 order in which the trial court dismissed Rittmann's claims with prejudice. Because Rittmann's brief only addresses another order not appealed and fails to comply with several Rules of Appellate Procedure, we dismiss her appeal without reaching the merits.

## PROCEDURAL FACTS

In October 2018, Jean Rittmann, pro se, unsuccessfully appealed to Snohomish County Superior Court an administrative decision of the City of Everett approving a landscaping plan for a Jimmy John's restaurant near her home. In March 2019, Rittmann filed a writ of mandamus and claim for injunctive relief, alleging that the City failed to act on zoning violation complaints and

---

Citations and pin cites are based on the Westlaw online version of the cited material.

requesting that the court rescind the landscaping plan.[1]  The City filed a motion to dismiss pursuant to CR 12(b)(6).  On April 12, 2019, the trial court granted the City's motion dismissing Rittmann's claims with prejudice.  The court later denied Rittmann's motion for reconsideration.

In July 2020, Rittmann filed a CR 60(b)(4) motion to vacate the trial court's dismissal order.  Among many claims, Rittmann argued that the attorneys who argued the City's motion to dismiss could not legally act on behalf of the City because they did not properly file an oath of office as required by the Everett city charter.  The trial court ordered a show cause hearing solely on the issue of whether Rittmann was entitled to relief on the basis of the oaths.  At the hearing, the City referred the court to the "de facto officer doctrine" for the premise that, absent bad faith, the actions of public officials were valid though some technical requirements of their office go unmet.[2]  On this basis, the trial court denied Rittmann's motion to vacate.  The trial court denied Rittmann's motion for reconsideration.

In August 2020, Rittmann filed another motion for reconsideration in which she asked the trial court to "vacate" the "with prejudice" language from its earlier April 12, 2019 order.  On October 16, 2020, the trial court denied Rittmann's

---

[1] Rittmann made several additional claims we do not revisit.
[2] See Green Mountain Sch. Dist. No. 103 v. Durkee, 56 Wn.2d 154, 157-58, 351 P.2d 525 (1960).

August 2020 motion.  In November 2020, Rittmann, still pro se, appealed the October 2020 order.  She later retained counsel to represent her on appeal.

DISCUSSION

Under RAP 5.3(a)(3), a party seeking appellate review must "designate the decision or part of decision which the party wants reviewed."  In general, we will not review an order that was not designated in the notice of appeal.  RAP 2.4(a);[3] Right–Price Recreation, LLC v. Connells Prairie Cmty. Council, 146 Wn.2d 370, 378, 46 P.3d 789 (2002).

Rittmann did not designate in her November 2020 notice of appeal the April 2019 order dismissing Rittmann's claims, yet Rittmann's briefing on appeal, which failed to identify any assignments of error, addresses the merits of her original complaint against the City and the trial court's dismissal order.  These earlier claims are not properly before us.

Rittmann appeals *only* the trial court's October 16, 2020 order denying her motion for reconsideration requesting the court "vacate" the "with prejudice" language from the April 2019 order.  Rittmann failed to assign error in her brief to the order denying her motion for reconsideration, in violation of RAP 10.3(a)(4).

---

[3] "The appellate court will review a trial court order or ruling not designated in the notice, including an appealable order, if (1) the order or ruling prejudicially affects the decision designated in the notice, and (2) the order is entered, or the ruling is made, before the appellate court accepts review."  RAP 2.4(b).

Contrary to RAP 10.3(a)(6), Rittmann also failed to brief and argue the propriety of the order denying her request for the court to reconsider its decision to dismiss with prejudice as opposed to dismiss without prejudice.

"An appellate court will not consider a claim of error that a party fails to support with legal argument in [their] opening brief." Jackson v. Quality Loan Serv. Corp., 186 Wn. App. 838, 845, 347 P.3d 487 (2015); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (party waives assignment of error when it does not argue the issue in its opening brief). In the instant case, Rittmann fails to assign error or even mention the trial court's October 2020 order from which she is presently appealing. Accordingly, we decline to reach the merits of her claim.

The City, mistakenly believing that Rittmann appealed the denial of the motion to vacate the dismissal order, argues that it is entitled to attorney fees under RAP 18.1 and 18.9 on the basis that Rittmann's appeal was frivolous for failing to address the de-facto-officer doctrine. Because Rittmann did not appeal the court's denial of the motion to vacate, we need not address the City's argument that Rittmann ignored the de-facto-officer doctrine again on appeal.

Under RAP 18.1(a) we may award a party—who so requests—attorney fees if applicable law provides for such an award. In re Estate of Mower, 193 Wn. App. 706, 729, 374 P.3d 180 (2016). The City cites to no other authority to

support its request for attorney fees.

We deny the City's request for attorney fees and dismiss the appeal.

Coburn, J.

WE CONCUR:

Mann, C.J.