IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| GEORGIY and LARISA BULKHAK, | ) | No. 38545-1-III |
| | ) | |
| Respondents, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN SCANNELL, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant, | ) | |
| | ) | |
| PAUL KING and other occupants, | ) | |
| | ) | |
| Defendants. | ) | |

LAWRENCE-BERREY, J. — John Scannell appeals the trial court's order denying his motion to vacate its order of dismissal, obtained ex parte by Georgiy and Larisa Bulkhak. By its terms, the order dismissed only "the Complaint of the Plaintiff." Because Scannell had filed a counterclaim prior to the order of dismissal, and the order did not dismiss the counterclaim, that counterclaim remains pending. We remand for further proceedings consistent with this opinion.

No. 38545-1-III
*Bulkhak v. Scannell*

FACTS

This appeal stems from a longstanding dispute over a piece of property in Bremerton, Washington, involving at least three related cases: a tax foreclosure, an ejectment, and an unlawful detainer. Although the issue on appeal is narrow, a discussion of previous litigation will help provide context to this appeal.

In 1999, Paul King purchased a duplex in Bremerton, Washington. He leased the property to the appellant, John Scannell. The lease was for 10 years and included an option for Scannell to purchase the property. King failed to pay his property taxes, and Kitsap County foreclosed.[1] The court's January 30, 2015 judgment of foreclosure and order of sale contained no finding as to Scannell's interest, if any, in the property. In March 2015, the property was sold at auction to the Bulkhaks.

In June 2015, shortly after they purchased the property, the Bulkhaks filed a complaint for ejectment against Scannell and King; this is the action presently on appeal.[2]

Nearly one year after the tax sale in the foreclosure action, Scannell and King filed a CR 60(b) motion to set aside the order authorizing the sale and the sale itself, which the trial court denied. Scannell and King appealed the denial.

---

[1] Kitsap County Superior Court Cause No. 14-2-00875-1
[2] Kitsap County Superior Court Cause No. 15-2-01303-5

2

No. 38545-1-III
*Bulkhak v. Scannell*

The Bulkhaks then filed an amended complaint in this ejectment action in June 2016, dropping King as a defendant. From the record, it appears there were no motions or other filings in this case for the next three years.

In 2017, while this ejectment action was still pending in superior court and the foreclosure action was pending on appeal, the Bulkhaks filed a complaint for unlawful detainer against Scannell and King.[3] The superior court entered an order for writ of restitution of the Bremerton property. Scannell appealed, and the superior court stayed Scannell's eviction until the case was resolved on appeal.

In 2018, in the foreclosure action, Division One of this court affirmed the denial of the motion to vacate the tax sale, finding Scannell and King had failed to comply with the statutory procedural requirement of paying the taxes due, which is a prerequisite to an action to recover property sold for taxes.[4]

In 2019, in the unlawful detainer action, Division Two affirmed the order issuing the writ of restitution.[5] It noted many of Scannell's arguments concerned title to the property rather than possession. Those arguments did not present a defense to an unlawful detainer action because "[u]nlawful detainer actions do not provide a forum for

---

[3] Kitsap County Superior Court Cause No. 17-2-00146-7.

[4] No. 77734-3-I.

3

litigating claims to title. . . . Issues unrelated to possession are not properly included in an unlawful detainer action and must be resolved in a separate action." Clerks Papers (CP) at 139-40. The Supreme Court denied Scannell's request for discretionary review, and the decision became final on July 10, 2019.

On July 15, 2019, Scannell filed an answer in this ejectment action. The pleading is captioned "Amended Answer to Complaint for Ejectment."[6] CP at 38. Scannell responded in numbered paragraphs to the Bulkhaks' amended complaint. Then, without designating the next numbered paragraphs as a counterclaim, he alleged:

> 3.5 Since 1999 [Scannell] has held a valid option to purchase on the property.
> 3.6 On January 19, 2019,[7] Scannell exercised his valid option.

CP at 39.

Scannell's concluding paragraph states:

> That the plaintiff requests the court to declare his option to be validly exercised and that title be cleared in his favor as contemplated by the option.

---

[5] No. 50997-1-II.

[6] The title of the document is a scrivener's error. It was Scannell's original answer and should have been entitled "Answer to Amended Complaint for Ejectment." We refer to this pleading as Scannell's answer.

[7] Scannell's claim that he validly exercised the option on January 19, 2019—four years *after* King lost the property to tax foreclosure—seems baseless.

CP at 40.

On August 1, 2019, the Bulkhaks presented an ex parte motion to the trial court, requesting "entry of the dismissal order subjoined." CP at 42. The order, signed that day by the judicial officer, states:

> The Plaintiffs, by and through their counsel to the above-captioned case, having moved to dismiss this case, and the court being otherwise fully advised in the premises, it is hereby
> **ORDERED** that the Complaint of the Plaintiff, is hereby dismissed without prejudice and without cost.

CP at 43.

On August 26, 2019, Scannell moved for an order of default against the Bulkhaks, but did not note it for argument. Shortly after, he moved this ejectment action to bankruptcy court, under his recently filed chapter 7 bankruptcy. The bankruptcy court remanded this ejectment action back to Kitsap County Superior Court on January 16, 2020.

On September 16, 2020, Scannell moved for an order of default against the Bulkhaks. In his declaration, he stated he had served his answer on the Bulkhaks on July 26, 2019, and they "have not answered the affirmative relief requested." CP at 80. On October 23, 2020, the court denied the motion.

On November 1, 2020, Scannell moved to set aside or vacate the August 1, 2019 order of dismissal or to clarify the scope of the order so his counterclaim could proceed. Scannell argued he had not been properly notified of the court's dismissal under CR 41 and that the court's order only dismissed the complaint, not his counterclaim.

The court construed Scannell's motion as one to vacate a void order under CR 60(b)(5). It denied the motion, concluding that Scannell's answer did not contain a "denoted or cognizable counterclaim." CP at 94.

Scannell timely appealed, but designated for review only the trial court's order denying his motion to vacate.

## ANALYSIS

### A.    NO ERROR IN DENYING MOTION TO VACATE ORDER OF DISMISSAL

Scannell contends the trial court erred in denying his motion to vacate the order of dismissal. We disagree.

Scannell brought his motion to vacate more than one year after the trial court entered the order of dismissal. On appeal, he asserts his motion was timely under CR 60(b)(5), which permits a motion to be brought more than one year after the order is entered if the order is void. In support of his position, he argues that a judgment entered

6

in violation of due process is void. While we agree with the concept, it has no application here.

First, the Bulkhaks did not obtain a judgment. Second, Scannell does not have a due process right in the Bulkhaks' complaint. We construe the order of dismissal as saying what it says: "the Complaint of the Plaintiff" is dismissed. CP at 43. By its terms, it dismissed only the Bulkhaks' complaint.

The parties do not dispute that the order, obtained ex parte, would have violated Scannell's right to due process had it dismissed a pending counterclaim. We presume the Bulkhaks provided the ex parte order to Scannell soon after it was entered. The order itself would not have notified Scannell that anything other than the Bulkhaks' complaint had been dismissed. Were we to construe the order broader than its terms, it would place Scannell in the inequitable position of needing to vacate it within one year despite having *no* notice that it dismissed his counterclaim, if his answer had asserted one.

B.    SCANNELL'S ANSWER ASSERTED A COUNTERCLAIM, WHICH REMAINS PENDING

CR 8(a) provides, in relevant part:

A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross claim, or third party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which the pleader deems the pleader is entitled.

7

Here, Scannell's answer includes a short and plain statement of his claim—

he "held a valid option to purchase on the property . . . [and] exercised his valid

option." CP at 39. It also includes a demand for judgment—that "the court

declare that his option to be validly exercised and that title be cleared in his favor

as contemplated by the option." CP at 40. His pleading therefore asserts a claim

for relief and is a counterclaim.

The Bulkhaks assert Scannell's counterclaim was barred by issue preclusion. This

is inapposite. Issue preclusion goes to whether the counterclaim should be dismissed, not

to whether Scannell had facially pleaded a counterclaim.

The Bulkhaks next assert that Scannell's answer was an amended answer that

failed to comply with the procedures set forth in CR 15(a), seeking either leave of the

court to amend or by written consent of the adverse party if amending a pleading after

20 days. But as we noted earlier, Scannell's so-called "Amended Answer" actually was

his original answer. The civil rules do not require leave of court to file an original

answer, even if the answer is filed more than 20 days after service of the complaint.

We conclude that because the order of dismissal did not dismiss Scannell's

counterclaim, it remains pending.

No. 38545-1-III
*Bulkhak v. Scannell*

C.    DENIAL OF MOTION FOR DEFAULT

Scannell argues the trial court erred in denying his motion for default. He did not, however, designate that order in his notice of appeal. Accordingly, the issue is not properly before the court unless he shows the court's decision on the motion for default "prejudicially affects the decision designated in the notice." RAP 2.4(b); *see also Right-Price Recreation, LLC v. Connells Prairie Cmty. Council*, 146 Wn.2d 370, 378, 46 P.3d 789 (2002). Scannell concedes the order denying his motion for default does not prejudicially affect the order he designated—the court's denial of his motion to vacate. We agree and do not address the issue further.

Remanded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:


_____          _____
Siddoway, C.J.                                           Fearing, J.

9